DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058
EMAIL:  deltalawgroup@yahoo.com

Attorneys for Plaintiffs
JORDAN MARKS & CRYSTAL NEWHALL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN MARKS & CRYSTAL NEWHALL, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMERITUS FINANCIAL SERVICES, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**VERIFIED COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.    This is an action for damages brought by a consumer to redress the Defendant's violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and California's Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et seq. (hereinafter, "state act"), and related common law claims, which

prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. In 2000, the California legislature incorporated most of the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) into the California FDCPA. See Civil Code §1788.17.

2. According to 15 U.S.C. § 1692:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

3. Plaintiffs JORDAN MARKS & CRYSTAL NEWHALL are borrowers on an automobile loan with Santander. In March 2015, Defendant PRIMERITUS FINANCIAL SERVICES, INC. (hereinafter "PRIMERITUS") was attempting to collect payments on Plaintiffs' auto loan with Santander; collector Jack Dalton, an employee of Defendant, called Plaintiffs and told them he was on their Facebook pages and threatened to call their friends on Facebook. Defendant's employee carried out his threat. He placed telephone calls to Mandy Marks, sister of Plaintiff JORDAN MARKS; he placed calls to Zachary Marks, brother of Plaintiff JORDAN MARKS; he placed calls to Ellen Marks, mother of Plaintiff JORDAN MARKS; he placed calls to Sean Newhall, uncle of Plaintiff CRYSTAL NEWHALL; he placed calls to Larry

Newhall, father of Plaintiff CRYSTAL NEWHALL; he placed calls to Celeste Newhall, mother of Plaintiff CRYSTAL NEWHALL; and he placed a call to Blake Bissell, a friend.  In the telephone calls, he stated he was calling about a civil case filed against Plaintiffs JORDAN MARKS & CRYSTAL NEWHALL and referenced Case #2450383.  He listed (323) 576-3734 as a return number.

4.    Plaintiffs suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages including but not limited to, anxiety, emotional distress, stress, frustration, loss of concentration, amongst other injuries.

## II.   JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## III.   PARTIES

6.    Plaintiffs JORDAN MARKS & CRYSTAL NEWHALL (hereinafter "Plaintiffs") are natural persons residing in Solano County in the State of California.

---

VERIFIED COMPLAINT FOR DAMAGES

7.   On information and belief, Defendant PRIMERITUS is a Delaware corporation doing business in El Dorado Hills, California, and in the ordinary course of business regularly attempts to collect debts.

8.   Defendant PRIMERITUS is a "debt collector" as defined by 15 U.S.C. § 1692a and California Civil Code § 1788.2.

9.   At all times mentioned herein, Defendant was acting within the course and scope of such agency or employment.  The Defendant is jointly and severally liable to the Plaintiffs for its conduct.  Defendant approved, authorized and/or ratified the wrongful acts and omissions herein.

10.   Any reference hereinafter to "Defendant" or "PRIMERITUS" without further qualification, is meant by Plaintiffs to refer to such Defendant named above.

## IV.   FIRST CAUSE OF ACTION – ROSENTHAL FDCPA

11.   Plaintiffs repeat, re-allege, and incorporate by reference all of the paragraphs above as though fully stated herein.

12.   The foregoing acts and omissions by this Defendant with respect to Plaintiffs in its attempts to collect a consumer debt from Plaintiffs constitutes numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act,

including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.10(f)(d)(c); 1788.12(b); 1788.13(j) and 1788.17 by violating 15 U.S.C. §§1692D(2), 1692D(3), 1692D(5), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(10), and 1692f.

13.   Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## V.   SECOND CAUSE OF ACTION – INTRUSION UPON SECLUSION

14.   Plaintiffs repeat, re-allege, and incorporate by reference all of the paragraphs above as though fully stated herein.

15.   The foregoing acts of Defendant as described herein constitute an invasion of the Plaintiffs' privacy and an intrusion upon their right of seclusion.

16.   Plaintiffs have a common law right to, and a reasonable expectation of privacy, on their home and place of employment, and in regards to their private affairs.

17.   Defendant's abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiffs' seclusion and privacy, and would be highly offensive to a reasonable person.

18.   Defendant intended to cause emotional distress and/or engaged in reckless disregard of the probability of causing Plaintiffs' emotional distress.

19. As a proximate result of Defendant's conduct, Plaintiffs have suffered damages in an amount to be determined by proof and a finder of fact at trial.

20. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiffs to punitive damages in an amount according to proof and a finder of fact at trial.

## VI. THIRD CAUSE OF ACTION - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

21. Plaintiffs repeat, re-allege and incorporate by reference all other paragraphs.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§1692D(2), 1692D(3), 1692D(5), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(10), and 1692f.

23. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

///

## VII.   FOURTH CAUSE OF ACTION – NEGLIGENCE

24.   Plaintiffs repeat, re-allege, and incorporate by reference all of the paragraphs above as though fully stated therein.

25.   Defendant's outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

26.   Plaintiffs suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

27.   Defendant's conduct as described herein was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

28.   Defendant's actions and omissions as described herein constitute negligence in that Defendant owed Plaintiffs a duty of reasonable care in the collection of the alleged debt, and use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiffs.

29.   Defendant owed a duty to refrain from outrageous and unlawful calls in connection with their attempts to collect a debt.

30.   Defendant's actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiffs to cruel and unjust hardship in conscious disregards of their rights.

31.   Plaintiffs suffered damages due to Defendant's actions in an amount to be determined at trial.

32.   Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VIII.   FIFTH CAUSE OF ACTION – NEGLIGENT TRAINING AND SUPERVISION

33.   Plaintiffs incorporate by reference the above paragraphs as though fully stated herein below.

34.   Defendant negligently trained and supervised its employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiffs.

35.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

36.   Defendant acted with oppression, and/or malice, thereby entitled Plaintiffs to punitive damages in an amount to be determined at trial.   Defendant acted in a despicable manner

1 and acted with a conscious disregard to the rights of

2 Plaintiffs.

3     WHEREFORE, Plaintiffs respectfully pray that judgment be

4 entered against the Defendant for the following:

        A.    Statutory and actual damages pursuant to

             California Civil Code § 1788 et seq.;

        B.    Costs and reasonable attorney's fees pursuant to

             Civil Code § 1788 et seq.;

        C.    Actual and punitive damages;

        D.    Actual damages pursuant to 15 U.S.C.

             §1692k(a)(1);

        E.    Statutory damages of $1,000.00, pursuant to 15

             U.S.C. § 1692k(a)(2)(A);

        F.    Costs of litigation and reasonable attorney's

             fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

        G.    For such other and further relief as may be

             just and proper.

DATED: May 22, 2015          Respectfully submitted,

                              DELTA LAW GROUP

                              BY: _____

                              JIM G. PRICE
                              Attorneys for Plaintiffs
                              JORDAN MARKS & CRYSTAL
                              NEWHALL

1

<u>DEMAND  FOR  JURY  TRIAL</u>

2      Please take notice that Plaintiffs demand trial by jury in

3   this action.

4   DATED:  May _22_, 2015          DELTA LAW GROUP

5

6

                                  BY: _____
7
                                      JIM G.  PRICE
                                      Attorneys for Plaintiffs
8                                     JORDAN MARKS & CRYSTAL
                                      NEWHALL
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**VERIFICATION**

    I, JORDAN MARKS, declare:

    I am the Plaintiff in this action.  I have read the foregoing document entitled:  **COMPLAINT FOR DAMAGES** and know the contents thereof.  The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on this _18_ day of May, 2015, at Winters, California.

JORDAN MARKS

**VERIFICATION**

I, CRYSTAL NEWHALL, declare:

I am the Plaintiff in this action.  I have read the foregoing document entitled:  **COMPLAINT FOR DAMAGES** and know the contents thereof.  The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this __18__ day of May, 2015, at Winters, California.

_____
CRYSTAL NEWHALL